IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Dewayne Keith Bell  and**  Case No. 07-80239- -
**Linda Bell**  Chapter 7

Soc. Sec. Nos. xxx-xx-8608 & xxx-xx-3345
Mailing Address:  3813 Tyne Drive , Durham , NC 27703-

Debtors.

## MOTION TO REDEEM PROPERTY

**NOW COME the Debtors**, by and through counsel undersigned, who, pursuant to 11 U.S.C. 348(f)(1)(B), 506(a) and 722, move to redeem from the lien of Coastal Federal Credit Union upon a 1994 GMC Sierra vehicle. In support hereof, the Debtors show unto the Court as follows:

1. On 2/16/07, the Debtors filed this case under Chapter 13 of the U.S. Bankruptcy Code. On 8/4/10, this was converted to Chapter 7.

2. When the case was filed, the Debtors were, and still are, the owners of a 1994 GMC Sierra vehicle.

3. Said vehicle is tangible personal property intended primarily for personal, family, or household use, that has either been claimed as exempt or has been abandoned by the Chapter 7 Trustee.

4. Coastal Federal Credit Union, the subject of this motion, holds a 1st lien on such vehicle with a payoff balance, as of the date this case was filed, in the amount of approximately $1,416.52 .

5. That, in accordance with In re: Hawkins (Case No. 96-12424)(MDNC.)(unpublished), the value in the Chapter 13 Confirmation Order is the correct and appropriate value to use for purposes of redemption following conversion from Chapter 13. As of the date this case was filed, the value of the vehicle was not greater than $2,880.00

6. That, in accordance with 11 U.S.C. 506(a) and 348(f)(1)(B), the claim of Coastal Federal Credit Union should only be an allowed secured claim to the extent that there is value in said vehicle , minus the amount of principal paid to said creditor  during the pendency of the Chapter 13.

7. The said creditor was, during the pendency of the Chapter 13 case, paid principal in the amount of $915.77.

8. That since the said value of the vehicle exceeds the principal paid to said creditor during the Chapter 13 case, for purposes of redemption, the Coastal Federal Credit Union is entitled to an allowed secured claim of $500.75.

9. That pursuant to 11 U.S.C. 722, the Debtors are entitled to redeem said vehicle for the amount of the allowed secured claim, which is $500.75.

**WHEREFORE**, the Debtors pray the Court enter an Order allowing the them to redeem said vehicle from the lien held by Coastal Federal Credit Union, for the sum of $500.75, and that the Court grant such other and further relief as to the Court seems just and proper.

Dated: August 18, 2010

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward BoltzAttorney for the Debtors
North Carolina State Bar No.: 23003
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

# CERTIFICATE OF SERVICE

I, Melissa Weaver , of the Law Offices of John T. Orcutt, P.C., do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on August 18, 2010, I served copies of the foregoing **Motion**, by **certified mail, return receipt requested**, upon the parties set forth below:

COASTAL FEDERAL CREDIT UNION
**Attn: Managing Agent**
P O Box 58429
Raleigh , NC 27658-

and by **regular first-class U.S. mail**, upon the following parties:

Pamela Keenan
Attorney
Post Office Box 19766
Raleigh , NC 27619-9766

John Northen
Chapter 7 Trustee
Post Office Box 2208
Chapel Hill, NC 27514-2208

Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC  27402

Dewayne Keith Bell  & Linda Bell
3813 Tyne Drive
Durham , NC 27703-

/s Melissa Weaver
Melissa Weaver